UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gerson Castillo-Munoz, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:11-cr-02201-GRA-2 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court pursuant to Petitioner's *pro se* Motion to Dismiss Indictment, which was filed on November 16, 2011. *See* ECF No. 52. Petitioner has been indicted on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Petitioner contends that the indictment should be dismissed based on insufficient evidence and that he is "actually innocent." For the reasons stated below, the motion is DENIED.

Petitioner is proceeding *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gorden v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Federal courts are hesitant to examine the evidentiary basis of a grand jury indictment where the indictment is returned by a "legally constituted and unbiased

jury" and is facially valid. *Costello v. United States,* 350 U.S. 359, 363 (1956). Furthermore, "it is not the duty of a trial court, [on a motion to quash/dismiss an indictment], to investigate the character of the evidence taken by the grand jury, in order to ascertain if . . . it was insufficient to justify the finding of the indictment," and such matters should not be considered unless in exceptional cases. *McGregor v. United States*, 134 F. 187, 192–94 (4th Cir. 1904).

Here, the record presents nothing to indicate that the grand jury was selected in a discriminatory manner or that the indictment is facially invalid. Thus, this Court finds Petitioner's Motion to be without merit. If Petitioner wishes to pursue his claim of innocence, he can enter a plea of not guilty and proceed to trial, where a jury of his peers will determine his innocence or guilt.

**IT IS THEREFORE ORDERED** that Petitioner's Motion (ECF No. 52) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

November 21, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within **fourteen (14) days** from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.